# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JAMES CORNWELL,**
**D.O.C. # B-533696,**

      **Plaintiff,**

**vs.**                                                                **Case No. 4:17cv36-RH/CAS**

**SHERIFF NARCO,**
**DR. THOMAS CASTILLENTI,**
**and DR. JOHN DOE,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed an amended

complaint which now clarifies the persons named as Defendants in this civil

rights action filed under 42 U.S.C. § 1983.  ECF No. 9.  Plaintiff  asserts

claims against Sheriff Narco from Pasco County, Florida, Dr. Castillenti, a

surgeon in Dade City, Florida, and a "John Doe" doctor at the Pasco

County Jail.  *Id.* at 1-2.  Plaintiff is incarcerated at Lancaster Correctional

Institution in Trenton, Florida.  *Id.* at 2.  The events at issue in this case

took place in Pasco County, Florida.  ECF No. 9 at 5-6.  However, Pasco

Case 4:17-cv-00036-RH-CAS    Document 11    Filed 07/20/17    Page 2 of 3

Page 2 of 3

County is not within the territorial jurisdiction of this Court; it is within the

Middle District of Florida.  28 U.S.C. § 89(b).  Therefore, this case was filed

in the wrong district and venue is not appropriate here.

In general, a civil action may be brought in "a judicial district in which

any defendant resides,"  28 U.S.C. § 1391(b)(1), or a "a judicial district in

which a substantial part of the events or omissions giving rise to the claim

occurred . . . ."  28 U.S.C. § 1391(b)(2).  None of the Defendants reside

within the Northern District of Florida and the events occurred in Pasco

County.  Accordingly, the proper forum for this action pursuant to 28 U.S.C.

§ 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for

the Middle District of Florida, Tampa Division.

When a case is filed in the wrong division or district, the venue

statute provides that the district court "shall dismiss, or if it be in the interest

of justice, transfer such case to any district or division in which it could

have been brought."  28 U.S.C. § 1406(a).  A court may raise the issue of

defective venue sua sponte, but should not dismiss an improperly filed

case for lack of venue without giving the parties an opportunity to respond.

Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v.

Case No. 4:17cv36-RH/CAS

New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).

Justice is better served to transfer this case rather than dismiss it.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is

respectfully **RECOMMENDED** that this case be transferred to the United

States District Court for the Middle District of Florida, Tampa Division, for

all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2017.


 s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES
**Within fourteen (14) days after being served with a copy of this Report
and Recommendation, a party may serve and file specific written objections
to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).
A copy of the objections shall be served upon all other parties.  A party may
respond to another party's objections within fourteen (14) days after being
served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline
that may appear on the electronic docket is for the Court's internal use only
and does not control.  If a party fails to object to the Magistrate Judge's
findings or recommendations as to any particular claim or issue contained
in this Report and Recommendation, that party waives the right to
challenge on appeal the District Court's order based on the unobjected-to
factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**